IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPECIALIZED PROFESSIONAL SERVICES, INC. | ) ) ) |
| Plaintiff, | ) Civil Action No. 24-1554 ) Magistrate Judge Maureen P. Kelly ) |
| v. | ) Re: ECF No. 22 ) |
| BULL & BEAR CO., | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the Court is a Petition to Intervene (the "Petition"), ECF No. 22, filed by non-parties Lewis and Kandie Stiltner (collectively, the "Stiltners"). For the foregoing reasons, the Court will deny the Petition.[1]

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of an alleged breach of contract between Plaintiff Specialized Professional Services, Inc. ("SPSI") and Defendant Bull & Bear Co. ("BBC"). ECF No. 1 ¶ 1.

SPSI provides emergency response services for hazmat, environmental, or operation emergencies to mitigate an incident. Id. ¶ 11.

SPSI alleges that on February 8, 2024 at or around 2:08 a.m., one of BBC's truck drivers lost control of his truck and tanker on I-70 in Washington County, Pennsylvania, causing it to drive across the interstate grass median and collide with a passenger vehicle head on. Id. ¶¶ 8-9.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 14, 15.

While the non-party intervenors have not consented to the jurisdiction of the Magistrate Judge, pursuant to Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pennsylvania, 863 F.3d 245 (3d Cir. 2017), the disposition of the Petition to Intervene is in the jurisdiction of the Magistrate Judge.

The crash resulted in the tanker resting on its side. Id. ¶ 9. The tanker contained a non-flammable, non-hazardous polish compound (the "Compound"), which leaked and pooled along the interstate and contaminated a nearby waterway that serves as drinking water for livestock and impacted around 200 yards of soil and drains. Id. ¶ 10.

BBC authorized SPSI to respond to the incident on February 8, 2024 at or around 5:35 a.m. Id. ¶ 12. Accordingly, SPSI removed the Compound from the nearby ditch and pools; constructed and maintained a temporary filtration system; and recovered and transported the affected water for waste disposal. Id. ¶¶ 14-16. Ultimately, SPSI successfully neutralized the emergency caused by the tanker accident and restored the affected environment. Id. ¶ 17.

Subsequently, SPSI sent BBC three invoices for its services. Id. ¶¶ 18-21. BBC has not paid SPSI any money for the services provided. Id. ¶ 21. As a result, SPSI initiated the instant lawsuit on November 13, 2024, with the filing of the operative Complaint. ECF No 1. BBC filed an answer on January 13, 2025. ECF No. 10.

On February 25, 2025, Petitioners Lewis and Kandie Stiltner filed the pending Petition to Intervene. ECF No. 22. According to the Petition, Mr. Stiltner was in his vehicle when he was struck by the BBC truck and tanker on February 8, 2024 and has claims against BBC for negligence and tortious acts. Id. ¶¶ 1, 2. As a result of the accident, Mr. Stiltner suffered severe and catastrophic injuries. Id. ¶ 3. He has permanent injuries and permanent loss of wages. Id. Mr. Stiltner has over one million dollars in medical bills and expects his future medical bills to be substantial. Id.

The Stiltners previously filed a lawsuit in the Court of Common Pleas of Washington County against BBC and Eric Joseph (the truck driver), at Case No. 2025-446. Id. ¶ 4, ECF No. 22-1 at 3. The state action is pending.

In the Petition, the Stiltners seek to intervene in the instant case between SPSI and BBC. ECF No. 22. They assert that BBC has represented to them that if both the Stiltners and SPSI have viable claims against BBC, both recoveries are limited to the same single pool of insurance coverage funds. Id. ¶¶ 8, 9. There has also been discussion and dispute over insurance coverage for the cleanup costs as to whether those costs would come out of BBC's bodily injury insurance policy, out of a separate insurance policy, or from BBC itself. Id. ¶ 13. Accordingly, the Stiltners assert they have a right to intervene in this federal action. Id. ¶ 12.

On February 26, 2025, the Court ordered SPSI and BBC to file responses to the Petition. ECF No. 23. On March 14, 2025, BBC filed a Response to Lewis Stiltner's and Kandie Stiltner's Petition to Intervene. ECF No. 29. BBC requests that the Court grant the Stiltners' petition or, alternatively, allow them to supplement their petition. Id. at 10. That same day, SPSI filed a Response in Opposition to Stiltners' Motion to Intervene. ECF No. 30. SPSI opposes the Petition on the grounds that it is not supported by Federal Rule of Civil Procedure 24 or by binding Third Circuit precedent. Id.

The Petition to Intervene is ripe for consideration.

**II.    DISCUSSION**

An individual may file a motion to intervene pursuant to Federal Rule of Civil Procedure 24. It provides, in part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

3

The United States Court of Appeals for the Third Circuit has held that a non-party may only intervene if: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987). "Each of these requirements must be met to intervene as of right." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995).

The Court will evaluate each factor in turn.

### A.  Timeliness of the Application for Intervention

The Stiltners do not address whether their Petition is timely.

BBC argues that the Petition is timely, because this case is in the early stages, and there would be no prejudice or delay if the Petition would be granted. ECF No. 29 at 5.

SPSI does not address this requirement in their Response. ECF No. 30.

To determine whether the Petition to Intervene is timely, the Court must evaluate "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Mountain Top, 72 F.3d at 369.

The instant case is in the initial discovery phase. On February 26, 2025 (the day after the Petition to Intervene was filed), the Court conducted a previously scheduled initial case management conference. ECF No. 24. A Case Management Order ("CMO") was entered. ECF No. 25. The CMO provides that the parties shall completely the ADR process by April 27, 2025 and fact discovery by August 29, 2025. Id.

No significant progress has been made, and no party has complained of potential prejudice. Accordingly, because this case is still in the early stages, the Court finds the Petition to Intervene is timely, and the first required factor has been met.

B.      Sufficiency of Interest in the Litigation

The Stiltners allege that they are necessary and indepensible parties to this action, and their rights will be "severely jeopardized by any action undertaken" in this lawsuit. ECF No. 22 `¶ 12. They assert that any outcome to the instant case "could have drastic consequences to the Petitioner Stiltner's ability to protect its [sic] rights and obtain adequate compensation for its [sic] serious and catastrophic injuries and damages suffered." Id. ¶ 14. They also argue that they have a "superior right" to any proceeds from an insurance policy. Id. ¶ 15.

BBC asserts that the Stiltners have alleged a sufficient interest on the face of the Petition. ECF No. 29 at 7. BBC states that the Stiltners have argued that their interest in the single pool of funds may be impacted; this is enough to intervene. Id.

SPSI argues that the Stiltners do not have a sufficient interest in this breach of contract litigation. ECF No. 30 at 2. They assert that any interest of the Stiltners is a "mere economic interest," which is not enough to justify an intervention as a matter of right. Id. at 2.

The Third Circuit has stated:

> While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some general guidelines have emerged . . . . [A]n intervenor's interest must be one that is significantly protectable. [This means that] the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors . . . . In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene . . . . While a mere economic interest may be insufficient to intervene, an intervenor's interest in a specific fund is sufficient

>to entitle intervention in a case affecting that fund. Thus, when a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit.

Mountain Top, 72 F.3d at 366 (citations omitted).

The Third Circuit decision in Liberty Mut. Ins. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005) is instructive. Treesdale involved an insurance coverage dispute, in which underlying asbestos plaintiffs sought to intervene, arguing that the insurer's coverage determination would impact their ability to recover in their respective tort-based cases. Id. at 218-19. The Third Circuit rejected this argument, finding a contingent financial interest in insurance proceeds insufficient to establish intervention under Rule 24(a)(2). Id. at 223.

The Treesdale facts are distinct from those in Mountain Top, where the Third Circuit found potential intervenors had a property interest in the fund at issue and allowed intervention. The fund in Mountain Top, 72 F.3d at 366-368, was an express trust, and the intervenors were intended beneficiaries of that trust. In contrast, the insurance proceeds in Treesdale were a mere contingent financial interest that did not warrant intervention. Mountain Top, 72 F.3d at 366-368; Treesdale, 419 F.3d at 223.

The Court finds the facts of Treesdale are analogous to the instant case. The Stiltners seek to intervene, lest their ability to recover may be impacted. They did not identify an interest beyond the contingent financial interest of a limited pool of funds to recover from. The Stiltners "have no property interest in the . . . policies [at issue,] nor do they have any other legally protectable interest in the policies." Treesdale, 419 F.3d at 222.

Accordingly, following Third Circuit precedent, the Court finds that the Stiltners do not have a sufficient interest in the instant federal litigation to allow intervention as their interest is solely an economic interest.

6

### C.     Whether the Interest May be Affected or Impaired

The Stiltners simply argue that their "rights would be substantially prejudiced" if they are not permitted to intervene. ECF No. 22 at 5.

BBC argues that the Stiltners' allegation that there is only one pool of available funds and that they have a superior right to those funds demonstrates that their interest may be affected or impaired. ECF No. 29 at 7.

SPSI argues that even if the Stiltners established a legal interest, they have not shown that such an interested would be impaired or affected. ECF No. 30 at 3. The instant federal case is a breach of contract action, not a personal injury tort action. Id. at 3-4. SPSI avers that because the causes of action are separate and distinct, the merits of the case will not affect the Stiltners' action against BBC. Id. at 4.

Because the Court already found that the Stiltners do not have a legal interest in this case, this inquiry is moot, and the Court need not address it further. See Treesdale, 419 F.3d at 216 ("We examine the impairment element only after the applicant for intervention as of right has shown a protectable legal interest . . . . However, as we explained above, Appellants have not established a sufficient interest to intervene as of right. Therefore, we do not proceed to the impairment inquiry.").

### D.     Adequacy of Representation by an Existing Party

The Stiltners do not address whether their interests would be adequately represented by an existing party in the Petition. ECF No. 22.

BBC alleges that the Stiltners' interests are not adequately represented by an existing party. ECF No. 29 at 9. They assert that no party has similar interests as the Stiltners. Id.

7

SPSI argues that the Stiltners have failed to show they are without adequate representation, as they have no direct interest in this breach of contract action, nor do the Stiltners assert the parties are colluding or failing to litigate the case diligently. ECF No. 30 at 4.

"Representation will be considered inadequate on any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." Brody By & Through Sugzdinis v. Spang, 957 F.2d 1108, 1123 (3d Cir. 1992).

While there are no allegations that SPSI and BBC are colluding or not diligently prosecuting the instant case, it does not appear that either party would adequately represent the Stiltners' interests. The Stiltners' interest in the potential negligence of BBC in causing the auto accident does not align with BBC (which would be defending itself) or SPSI, which would be solely concerned with breach of contract issues.

Accordingly, the Court finds that the Stiltners' interests would not be adequately represented by either existing party.

### III.  CONCLUSION

Because the Stiltners cannot demonstrate they have a sufficient interest in the instant case, and they do not meet all four requirements to intervene as a matter of right, the Court must deny their Petition to Intervene.[2, 3]

---

[2] The Court also declines to permit the Stiltners to supplement their Petition, which BBC has requested. ECF No. 29 at 10.

[3] Nothing in this Memorandum Order precludes the Parties and the Stiltners from agreeing to a joint mediation of all claims arising from the incident at issue.

AND NOW, this 3rd day of April, 2025, it is hereby ordered that the Petition to Intervene, ECF No. 22, is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Dated: April 3, 2025

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record via CM/ECF